■ AMBAR R. MORENO et al., Appellants, v GOLDEN TOUCH TRANSPORTATION et al., Respondents. [12 NYS3d 57]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered August 21, 2014, which, to the extent appealed from, denied plaintiff's motion for summary judgment on the issue of defendants' liability, unanimously affirmed, without costs.

Plaintiffs were passengers in a vehicle owned by defendant Almanzar and driven by defendant Ruiz (collectively the Almanzar defendants). In their verified bill of particulars, plaintiffs alleged that a vehicle owned by defendant Golden Touch Transportation and driven by defendant Montoya (collectively the Golden Touch defendants) negligently changed lanes and sideswiped the Almanzar defendants' vehicle. However, in support of their motion for summary judgment, plaintiffs submitted the affidavit of plaintiff Moreno, who averred that the Almanzar defendants' vehicle was slowing down when it was suddenly struck in the rear by the Golden Touch defendants' vehicle. Plaintiffs' conflicting accounts of the accident, coupled with the police report showing that the Almanzar defendants' vehicle was switching lanes when it sideswiped the Golden Touch defendants' vehicle, create issues of fact as to which vehicle is responsible for the accident (*see Evans v Fox Trucking*, 309 AD2d 618, 618 [1st Dept 2003]; *Mangual v Pleas*, 2004 WL 736817, *3, 2004 US Dist LEXIS 5749, *7-9 [SD NY, Apr. 6, 2004, No. 02-Civ-8311 (CBM)]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.